Robert **JOHNSON** and Dona Johnson, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 16457.

United States Court of Appeals Ninth Circuit.

Sept. 17, 1959.

Morris Lavine, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert D. Hornbaker, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MARTIN, CHAMBERS and BARNES, Circuit Judges.

MARTIN, Circuit Judge.

Appellants, husband and wife, were convicted on charges of transferring marijuana and of its concealment in violation of the anti-narcotic laws of the United States. The statutes charged as violated were Title 26, section 4742(a), and Title 21, section 176a, of the United States Code. The husband drew a total sentence of ten years and the wife received a sentence of five years.

Briefly stated, the background facts are that two persons, who were arrested for the sale and possession of marijuana, stated to federal agents that their source of supply was appellant Robert Johnson, whom they correctly described. Robert and Dona Johnson lived together in an apartment in Malibou, California. In conformity with arrangements made by a special employee of the Federal Bureau of Narcotics, Adrienne Simmrin and the special employee drove together to the Johnsons' apartment. Miss Simmrin went into the apartment for a few minutes and met Robert Johnson there. She received two envelopes containing 690 grains of marijuana, for which she paid the appellant, Robert Johnson, twenty dollars. The money had been supplied her by the special employee. This transfer of narcotics on November 14, 1957, constituted that upon which appellant Robert Johnson was convicted under Count One of the indictment.

After this transaction involving Robert Johnson, Miss Simmrin was driven back to her apartment by the special employee in his automobile. He later turned the marijuana over to two federal narcotic agents, Lang and Jackson.

Twelve days later, on November 26, 1957, Agent Katz of the Bureau of Narcotics furnished the special employee with twenty dollars in marked currency. The special employee again carried Miss Simmrin from her apartment to the address of the Johnsons on Pacific Coast Highway, arriving there around one o'clock in the afternoon. She went to the apartment; and, receiving no answer to her knock on the door or to her ringing of the bell, she returned to the special employee's car. In another hour, she went again to the Johnsons' apartment. For the second time, she received no answer to her knock on the door. She drove

away with the special employee again, to return in half an hour. On the third trip of the day, appellant Dona Johnson answered the knock.

Miss Simmrin entered the apartment and remained some ten minutes before going back to the special employee's car. The special employee gave a pre-arranged signal to narcotic agents that Miss Simmrin had bought some marijuana and drove away with her in his car.

When the special employee and Miss Simmrin had driven approximately a half mile, the narcotic agents arrested Adrienne Simmrin. They found in her possession two plastic packages of marijuana, which she had bought from Dona Johnson. The agents testified that they had no advance knowledge that Miss Simmrin and the special employee were going to the Johnsons' apartment on November 26, but that they had kept the employee's car under surveillance. About an hour's time was required to reach the apartment from the Federal Building.

Immediately after Miss Simmrin's arrest, several narcotic agents went to the Johnson apartment. When they knocked, or rang the door bell, they were met at the door by Dona Johnson. Government testimony was to the effect that, before entering the apartment, Agent Lang showed Dona Johnson his credentials, informed her that he was a federal narcotic agent, and told her that she was under arrest for selling marijuana to Adrienne Simmrin. Search of the apartment occurred between 3:45 and 4:50 P. M.

Soon after the apartment was searched, with Dona Johnson present, appellant Robert Johnson drove up in a Cadillac automobile and while still in the car, was arrested by one of the agents. Four agents then searched the car in the presence of appellant; and one of the agents found under the front seat of the automobile an envelope containing marijuana. This was the marijuana charged in Count Four as having been "concealed" by Robert Johnson.

■ That a person knowingly concealed narcotics may be proved by cir-

cumstantial evidence. Mullaney v. United States, 9 Cir., 82 F.2d 638; Rosenberg v. United States, 9 Cir., 13 F.2d 369. The circumstantial evidence relating to the knowing-concealment charge against Robert Johnson in Count Three is evinced by the fact that he lived in the apartment where marijuana was found and that he had sold marijuana to Adrienne Simmrin in that apartment on November 14, 1957. The knowing concealment, as charged in Count Four, is evinced by Robert Johnson's ownership of the Cadillac car in which marijuana was found and by the fact that he had been driving the automobile immediately before the search. Circumstantial evidence against Dona Johnson relating to knowing concealment, as charged in Count Three, is supported by the fact that she lived in the apartment and was there when marijuana was found both in the bedroom and the kitchenette of the apartment.

■ Appellants contend that there is insufficient evidence to support the verdicts and the judgments of conviction entered thereon. It is well established that a conviction should be upheld if there is substantial evidence to support the verdicts, considering the evidence in the light most favorable to the Government. United States v. Glasser, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; Arena v. United States, 9 Cir., 226 F.2d 227, 229, certiorari denied 350 U.S. 954, 76 S.Ct. 342, 100 L.Ed. 830; Schino v. United States, 9 Cir., 209 F.2d 67, 72, certiorari denied 347 U.S. 937, 74 S.Ct. 627, 98 L.Ed. 1087; Woodard Laboratories v. United States, 9 Cir., 198 F.2d 995, 998; O'Leary v. United States, 9 Cir., 160 F.2d 333.

■ Appellants charge that there was unlawful search and seizure by the narcotic agents contrary to the Fourth and Fifth Amendments to the Federal Constitution. A search of the person and of the place where an arrest is made—if under the control of the person arrested and where the crime is being committed—is valid without a search warrant, where the search is incident to a lawful arrest. Agnello v. United States, 269 U.S. 20, 30,

46 S.Ct. 4, 70 L.Ed. 145; Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 69 L.Ed. 543; Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652; United States v. Rabinowitz, 339 U.S. 56, 61, 70 S.Ct. 430, 94 L.Ed. 653.

Section 104(a) of the Narcotic Control Act of 1956, 70 Stat. 570, 26 U.S.C.A. §§ 7607, 7608, provides that narcotic agents may make arrests without warrants where violations of the anti-narcotic laws are committed in the presence of an arresting officer, or where the officer has reasonable ground to believe that the person arrested has committed or is committing such violation.

■ Upon the authority of Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879, and Draper v. United States, 358 U.S. 307, 311–312, 79 S.Ct. 329, 3 L.Ed.2d 327, we are of opinion that the narcotic agents in the instant case had probable cause and reasonable grounds to arrest both Robert Johnson and his wife, Dona Johnson. The entire apartment was under the control of Dona Johnson. See Hamer v. United States, 9 Cir., 259 F.2d 274, certiorari denied 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577, petition for rehearing denied 359 U.S. 962, 79 S.Ct. 799, 3 L.Ed.2d 769; Harris v. United States, 331 U.S. 145, 151, 152, 67 S.Ct. 1098, 91 L.Ed. 1399. The search of Robert Johnson's Cadillac, incident to his arrest, was in our judgment also valid. There was adequate probable cause to believe that the automobile was being used in the commission of a crime. See Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

We find no merit in the contention of appellants that the district court erred in declining the request of defendants' counsel for the exact address of each juror. The district judge ruled that the only requirement of the jurors was that each state the particular portion of the district in which he or she resided, without giving the exact address. The jurors gave such addresses as "Hollywood, in the Los Feliz area"; "Westwood"; "Beverly Hills"; "La Habra"; "Glendale"; "Pasadena, Oak Knoll area"; "Athletic Club, 431 West Seventh Street"; "La Mirada"; "Burbank"; "Wilshire District"; and the like.

■■ The scope of *voir dire* examination of jurors is within the sound discretion of the trial court. Fredrick v. United States, 9 Cir., 163 F.2d 536, 550, 551, certiorari denied 332 U.S. 775, 68 S.Ct. 87, 92 L.Ed. 360. It has been held in this circuit that it is not error for the trial judge to refuse to direct the jurors to give their residence addresses. Hamer v. United States, 9 Cir., 259 F.2d 274, 276–280, certiorari denied 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577, petition for rehearing denied 359 U.S. 962, 79 S.Ct. 799, 3 L.Ed.2d 769; Wagner v. United States, 9 Cir., 264 F.2d 524, 526–528.

■ In our opinion, the district court committed no error in its instructions with regard to joint and constructive possession, nor do we find error in its instruction relating to the presumption to be indulged from possession.

The court thus charged the jury:

"The law recognizes two kinds of receipt or possession: actual receipt or possession, and constructive receipt or possession.

"A person who, at a given time, knowingly has direct physical control over a thing, is then in actual possession of it.

"A person who, although not in actual possession, knowingly has the power, at a given time, to exercise dominion or control over a thing, is then in constructive possession of it.

"The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, their possession is joint.

"If you find from the evidence beyond a reasonable doubt that a defendant or defendants, either alone

or jointly with others, had actual or constructive possession of the marijuana described in the indictment, then you may find that the marijuana was in the possession of such defendant or defendants within the meaning of the word 'possession' as used in these instructions."

These paragraphs were adopted from Form 55 of the Suggested Forms for Use in Criminal Cases, 20 F.R.D. 231–278. The Government argues, correctly we think, that these instructions merely supplement the presumption provided for in section 176a, Title 21 U.S.C.A., which has been upheld as not in conflict with the Fourth or Fifth Amendments. Caudillo v. United States, 9 Cir., 253 F.2d 513; Mullaney v. United States, 9 Cir., 82 F.2d 638, 641.

■ Appellants make much ado about nothing in contending that, after about two hours' deliberation, the jury sent a note to the judge, by the bailiff, stating that they had arrived at a verdict as to Dona Johnson and as to Robert Johnson on two counts, but that they had not reached a verdict on the third count. The judge told the bailiff: "Let them sit." The bailiff then reported to the jury that he had delivered their note to the judge and that they were to continue to deliberate.

The jury sent a second note to the judge, reading: "Your Honor, we wish to hear the testimony of Mr. Johnson in his last statement." This note was signed by the foreman of the jury. The requested testimony was read in open court in the presence of appellants and their attorney.

In about an hour after the reading of the requested testimony, the jury sent the court a third note: "Your Honor, we have reached a unanimous decision." This note was also signed by the jury foreman.

Ten minutes later, the verdict was read in open court in the presence of the appellants and their attorney. Not only was there no reversible error in this incident; but Judge Byrne pursued the proper course and exercised wise discretion. See Campbell v. United States, 9 Cir., 221 F. 186, 188; Jenkins v. United States, 5 Cir., 149 F.2d 118, 119; Ferrari v. United States, 9 Cir., 244 F.2d 132, 143–146, certiorari denied Cherpakov v. United States; and Darncille v. United States, 355 U.S. 873, 78 S.Ct. 124, 125, 2 L.Ed.2d 78; Peppers v. United States, 6 Cir., 37 F.2d 346.

■ The court committed no error in instructing the jury in the language of section 7491, Title 26 U.S.C.A. Appellant Robert Johnson introduced no evidence to the effect that he had complied with section 4742, Title 26 U.S.C.A. See United States v. Williams, 2 Cir., 161 F.2d 835, 837.

The judgment of the United States District Court is affirmed.