**UNITED STATES of America,**
**Plaintiff, Appellee,**
v.
**Danny BACA, Defendant, Appellant.**

**UNITED STATES of America,**
**Plaintiff, Appellee,**
v.
**Mary MARQUEZ, Defendant, Appellant.**

**Nos. 112–69, 113–69.**

United States Court of Appeals
Tenth Circuit.

Sept. 30, 1969.

Rehearings En Banc Denied Dec. 4, 1969.

Clyde E. Sullivan, Jr., Albuquerque, N. M., for appellant Baca.

James I. Bartholomew, Albuquerque, N. M., for appellant Marquez.

Victor R. Ortega, U. S. Atty., Ruth C. Streeter and John A. Babington, Asst. U. S. Attys., for appellee.

Before HILL, TUTTLE* and HOLLOWAY, Circuit Judges.

TUTTLE, Circuit Judge.

The appellants, Baca and Marquez, were indicted and jointly tried before a jury in the United States District Court for the District of New Mexico and convicted of the unlawful possession of heroin in violation of 21 U.S.C.A. § 174. They appeal to this court contending that the heroin should not have been admitted into evidence because it was obtained as a result of an illegal search and seizure.

On July 2, 1968, the United States Parole Office in Albuquerque, New Mexico was informed by teletype that a Parole Violation Warrant had been issued that day for Danny Baca. On July 9, 1969, five officers—one state narcotics officer, one city narcotics officer, two uniformed city policemen and one federal narcotics officer—went to the home of appellants where they were living as man and wife and gained entrance into their home for allegedly the sole purpose of returning appellant Baca to official authority for violation of his parole. Three officers went to the front door and two officers went to the back door. Almost immediately, upon entering the house with the reluctantly given permission and consent of Appellant Marquez, one of the uniformed officers saw Baca and placed him under arrest pursuant to the parole violation warrant by handcuffing him behind his back. While this was going on in the doorway of the bedroom, the two officers who were at the back door were let in and appellant Baca was brought just inside the bedroom. At the same time, one of the uniformed officers noticed two vials which appeared to contain some narcotics and some paraphernalia on a chair next to the bed. He went and picked up the vials, unwrapped the cloth and found a spoon, an eyedropper and a needle, two needles in a plastic container and some brown substance in the vials. At this point, a thorough search of the apartment was ordered by the federal officer in charge. The fruit of this search was approximately 207 grams of heroin. It is the appellants' contention that the fruit resulted from an illegal search and therefore should have been suppressed under the "exclusionary rule."

Appellant Baca, was taken from the apartment to the police station during the search and most of the search continued after he was gone, but while appellant Marquez remained. However, Marquez was not placed under arrest until after the entire approximately thirty minute search was completed. Appellant Baca was brought back to the apartment and "officially" placed under arrest for possession of heroin after the completion of the search of the entire apartment.

The appellants raise several issues on this appeal; however, because of the view we take of the case only the issue of whether the contraband was discovered as a result of an unlawful search is necessary for our discussion.

The precise meaning and application of the Fourth Amendment has not been as crystallized as either the Court or law enforcement officers would like for it to be. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, has recently given us the type of crystallization which we have been seeking. However, this is a pre-Chimel case, and the Supreme Court expressly pretermitted a decision whether the Chimel principle is to be applied retroactively. Here it is not necessary for our purposes to decide the retroactivity of Chimel in this case. Under Pre-Chimel standards, we have had some tests for determining when a search is lawful or unlawful, for the language of the Fourth Amendment

---

* Of the Fifth Circuit, sitting by designation.

itself states that the search or seizure must not be unreasonable and that a warrant is to be issued only upon the showing of probable cause.[1]

The Supreme Court has almost consistently held that there may be a search without a warrant which is incidental to a lawful arrest. However, the "reasonableness" restriction on such a search has been carefully preserved by the Court:

"The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, or as well as by the need to prevent the destruction of evidence of the crime—things which might easily happen where the weapon or evidence is *on the accused's person or under his immediate control.* But these justifications are absent where a search is remote in time or place from the arrest." Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777.

See Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917, Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663, United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877 and Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. See also this court's decision in United States v. Holsey (10 Cir., 1969) 414 F.2d 458, decided August 27, 1969.

■ We accept the finding of the district court that the two vials and wrapped parphernalia were in plain sight and that a crime other than the one called for by the parole violation warrant was openly being committed. As the Court in Go-Bart Importing Co. v. United States, *supra,* pointed out, things which are visible and accessible and in the offender's immediate custody can be seized by the police officers as was done in Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231. However, this justifies only the seizure of the two vials and the narcotics paraphernalia, it does not necessarily go one step further and support the search which is in question here.

■■ As Preston, *supra,* clearly explains, the area within the immediate control of the defendant may be searched and evidence or weapons seized without a warrant when made incidental to a lawful arrest. However, it can hardly be said or found that the closet, second bedroom of the downstairs area was under Baca's immediate control when he was physically confined to a limited area within the 9 X 12 bedroom and when he was, during most of the search, riding in a patrol car to the police station. Moreover, it cannot be said that the inside of his bureau drawers, night stand, under the bed or any similar area was under any type of control by Baca inasmuch as he was handcuffed with his hands behind his back and was unable even to dress himself.

■ The rule has been long established that whenever it is practicable, an officer must secure a search warrant:

"It is a cardinal rule that, in seizing goods and articles, law enforcement agents must secure and use search warrants wherever reasonably practicable." Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229.

See McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 and Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034.

■ It is difficult to understand how or why it was not practicable for one of the five officers to obtain a search warrant based on the probable cause

1. The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizures, shall not be violated and No warrants shall issue, but upon probable cause, supported by Oath or affirmation and particularly describing the place to be searched, and the persons or things to be seized.

resulting from the finding of the two vials and the narcotics paraphernalia. The court in United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, states that the burden is on those seeking an exemption [to the requirement that a search warrant must be obtained] to show the need for the exemption. In Chimel v. California, *supra*, the court added that the general requirement that a search warrant be obtained is not to be lightly dispensed with.

Therefore, the evidence seized was in violation of the Fourth Amendment and the appellants' motion to suppress should have been granted. This judgment and sentence are reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LEWIS and BREITENSTEIN, JJ., voted to grant petition for rehearing en banc.