**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Daniel NELSON, Defendant-Appellant.**

**No. 71–1120.**

United States Court of Appeals, Tenth Circuit.

Oct. 6, 1971.

---

Robert J. Roth, U. S. Atty., District of Kansas, Wichita, Kan., for appellee.

Benjamin E. Franklin, Kansas City, Kan., for appellant.

Before LEWIS, Chief Judge, PICKETT and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

William Daniel Nelson was convicted on September 4, 1970 of unlawful possession of a sawed-off shotgun in violation of 26 U.S.C. § 5861(d). He appeals from his conviction and sentence.

An altercation took place in Bonner Springs, Kansas on June 28, 1969. Nelson, his nephew, and a friend of his named Brown were involved in a shooting incident involving five other people. Of these five people, we are only concerned here with two of them, James Wiles and Alexander Scott.

Scott testified that he and Wiles and their three friends were driving around in Scott's 1965 white Oldsmobile looking for Brown, in order to settle some trouble Wiles had with Brown the day before. They spotted Brown's car, a Camero, and followed him. Brown stopped his car. A 1961 brown Chevrolet, driven by Nelson, who was a good friend of Brown, drove up and stopped near Brown's car. Scott and a bystander

both testified that the driver of the brown Chevrolet got out of his vehicle and discharged a weapon which fit the description of a sawed-off shotgun. Nelson claims he was holding a billy club. Several shots were exchanged before Scott drove off. Scott and his passengers fled the area in the direction of Olathe, Kansas. Brown and Nelson, in their respective cars, pursued Scott's car. Several miles outside of Bonner Springs, Brown overtook Scott's vehicle and Wiles shot Brown. Nelson then came upon the scene. When he saw that Brown had been shot he placed Brown in his car and proceeded to obtain medical help. Brown was taken by Nelson to a fire station where an ambulance then took him to a hospital. Nelson lost his way while trying to follow the ambulance. He saw a police car and asked where he could report a shooting. The police directed him to the sheriff's office where he turned in a report. While he was inside the office, an officer noticed several bullet scars on Nelson's parked car. As he was examining them, he looked inside the car and observed a sawed-off shotgun on the floor of the front seat in plain sight. The officer then secured a written consent from Nelson to search the car. The weapon was removed.

The barrel was 13½ inches long and the overall length was 22¼ inches. To lawfully possess such a weapon, it must be registered in the National Firearms Registration and Transfer Record. It was determined that the shotgun was not registered, manufactured, or transferred legally, by or to Nelson.

Nelson raises three grounds on appeal. He contends that: (1) the registration requirements of 26 U.S.C. § 5861(d) are violative of his Fifth Amendment rights against self-incrimination; (2) the prosecution withheld evidence favorable to his defense; and (3) the evidence was not sufficient to support conviction.

 Nelson's first contention was rejected in United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). The United States Supreme Court held that Section 5861(d) is a regulatory act designed to protect public safety, and that its registration requirements do not violate a person's right to due process of law or his right against self-incrimination.

 Nelson next contends that the prosecution withheld evidence favorable to his defense. He bases this claim on the Government's failure to disclose its possession of the consent to search document during his pretrial hearing on a motion to suppress. Nelson's attorney was not apprised of the existence of the consent document by Nelson. It would be patently unfair to reverse a conviction because the prosecution failed to inform the defendant's attorney of a fact then known to the defendant because of his involvement where no reference thereto or reliance thereon is attributed to the prosecution. Nelson does not here contend that he did not knowingly and intelligently execute the consent. He did not object when the consent document was offered in evidence by the prosecution at trial.

One must make timely and proper objections to alleged errors if he wishes to preserve them for appellate review. United States v. Wheeler, 444 F.2d 385 (10th Cir. 1971); Warden v. United States, 391 F.2d 747 (10th Cir. 1968); Nutt v. United States, 335 F.2d 817 (10th Cir. 1964), cert. denied 379 U.S. 909, 85 S.Ct. 203, 13 L.Ed.2d 180 (1964); Moreland v. United States, 270 F.2d 887 (10th Cir. 1959). Alleged errors can only be reviewed on appeal without objection if they constitute plain error. United States v. Wheeler, *supra*. The admission in evidence of the consent to search document was not plain error.

 The presence of the shotgun was first ascertained by a police officer viewing the weapon through the windshield of Nelson's car. The "plain view" doctrine as espoused in Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968) permits an officer who has a right to be in a position to view an incriminating object to seize it.

See also Chapman v. United States, 443 F.2d 917 (10th Cir. 1971) and United States v. Baca, 417 F.2d 103 (10th Cir. 1969). The doctrine has been applied where a police officer is not searching for evidence against the accused, but nevertheless inadvertently comes across an incriminating object. Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L. Ed.2d 684 (1969); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). The police had the right to seize the sawed-off shotgun without Nelson's consent.

Nelson's final argument is that there was not sufficient evidence to support a guilty verdict. We disagree. A conviction must be upheld if there is substantial evidence to support a guilty verdict. On appeal the evidence must be viewed in the light most favorable to the prosecution. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Mecham, 422 F.2d 838 (10th Cir. 1970); Johnson v. United States, 270 F.2d 721 (9th Cir. 1959). We have reviewed the evidence in this case. We find that there is substantial evidence to support the conviction.

We affirm.