848 P.2d 1101

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Daniel SHAW, Defendant–Appellant.**

**No. 12609.**

Court of Appeals of New Mexico.

Feb. 10, 1993.

Tom Udall, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Barbara Bergman, UNM Clinical Law Program, Albuquerque, for defendant-appellant.

## OPINION

ALARID, Judge.

Defendant appeals the trial court's denial of his motion to suppress cocaine discovered during a search of his possessions after his arrest on a domestic disturbance charge. Defendant subsequently pled guilty to possession of cocaine, reserving the right to appeal the denial of the suppression motion. The sole issue on appeal is whether the cocaine was discovered during a valid inventory search. We affirm.

*FACTS*

On April 28, 1990, Defendant was arrested at his home during a domestic disturbance. He was taken to the Dona Ana County Detention Facility where he was booked by Officers Williams and Sellers. Officer Williams patted him down and took

Defendant's wallet and open pack of cigarettes, which he placed on a counter in the booking area. Officer Sellers processed the paperwork while Officer Williams completed the search of Defendant, supervised his change into prison clothes, and listed Defendant's possessions on a booking sheet.

Shortly after the wallet and cigarettes were taken, Defendant asked for the return of his cigarettes. Although his request was denied, he continued to ask for the return of the cigarettes. He was told that detention facility rules precluded return of his cigarettes while he was in custody and that they would be stored with his other possessions. Defendant's repeated requests for his cigarettes aroused Officer Sellers' suspicion that the cigarette pack might contain contraband. Acting on his suspicion, as well as for other reasons, Officer Sellers searched the cigarette pack, taking each cigarette out. He found a packet of white powder in the bottom of the cigarette pack which was later stipulated to be cocaine. Defendant was subsequently charged with possession, and he moved to suppress the cocaine. After a hearing, the motion was denied. He subsequently pled guilty to possession of cocaine.

*DISCUSSION*

On appeal, Defendant argues that the search of his cigarette pack was impermissible under both the State and Federal Constitutions because the search was not conducted pursuant to an established inventory procedure, and that a search with the sole objective of finding contraband is impermissible under the rules controlling inventory searches. Although we believe the facts in this case presented the trial court with a close question, we affirm.

■ As an initial matter, we note that this Court will not disturb a trial court's denial of a motion to suppress if it is supported by substantial evidence, unless it also appears that the ruling of the trial court was erroneously premised upon the law or facts. *State v. Campos*, 113 N.M. 421, 426, 827 P.2d 136, 141 (Ct.App.1991). Moreover, inventory searches "are a well-defined exception to the warrant require-

ment of the Fourth Amendment." *Colorado v. Bertine*, 479 U.S. 367, 371, 107 S.Ct. 738, 741, 93 L.Ed.2d 739 (1987); *accord Illinois v. Lafayette*, 462 U.S. 640, 643, 103 S.Ct. 2605, 2608, 77 L.Ed.2d 65 (1983). Like all warrantless searches, however, inventory searches are presumed to be unreasonable and the burden of establishing their validity is on the State. *See United States v. Baca*, 417 F.2d 103 (10th Cir. 1969). Our Supreme Court set forth the elements of a lawful inventory search in *State v. Ruffino*, 94 N.M. 500, 502, 612 P.2d 1311, 1313 (1980): (1) the object of the search is in the custody or control of the police; (2) the inventory search is made pursuant to established police regulations; and, (3) the search is reasonable.

Defendant initially argues his Constitutional right to be free from unreasonable searches was violated because none of the permissible purposes of an inventory search were present in this case. We disagree. There is no dispute but that the cigarette pack was in police custody. Defendant does not challenge the legality of his arrest, nor does he assert that the arrest itself was pretextual.

■ With respect to whether the inventory search was made pursuant to established police regulations, Officer Sellers, who conducted the search of Defendant's cigarette pack, testified that he was taught to search open cigarette packs by taking out and examining each cigarette and then examining the empty pack. Officer Sellers also testified that he searched the cigarette pack to further the general goals of an inventory search: "Whatever comes in as an inventory, the gentleman knows what's his and what's going to be in his property."

In addition, there was testimony at the suppression hearing by detention facility training sergeants that, although there was no written procedure regarding searching personal items such as wallets or cigarette packs, the inventory procedure used at the facility required that all items in possession of an arrestee must be searched. In particular, Training Sergeant Patricia Ross testified that the procedure she taught jailers to use included "a thorough, complete search

conducted on every item that's in their possession." Additionally, Sergeant Ross testified that if an arrestee had an open pack of cigarettes, procedure required the jailer to "take each cigarette out and search the pack and the cigarettes." We believe this testimony corroborated the testimony provided by Officer Sellers.

Further, we note that written procedures are unnecessary as long as the inventory search is carried out in accordance with established inventory procedures. *See United States v. Kornegay*, 885 F.2d 713, 717 (10th Cir.1989), *cert. denied*, 495 U.S. 935, 110 S.Ct. 2179, 109 L.Ed.2d 508 (1990); *Spindler v. State*, 555 N.E.2d 1319, 1323 (Ind.Ct.App.1990); *State v. Weide*, 155 Wis.2d 537, 455 N.W.2d 899, 905 (1990). Thus, on the basis of the above mentioned testimony, and in light of the fact that written procedures are unnecessary, we believe there was substantial evidence to find that there was established police procedure to inspect all cigarette packs.

■ Our final area of review concerns whether the inventory search was reasonable. Courts generally uphold inventory searches as "reasonable" if they are made pursuant to an established procedure and in furtherance of any one of three purposes: (1) to protect the arrestee's property while it remains in police custody; (2) to protect the police against claims or disputes over lost or stolen property; or (3) to protect the police from potential danger. *South Dakota v. Opperman*, 428 U.S. 364, 369, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000 (1976); *State v. Boswell*, 111 N.M. 240, 243, 804 P.2d 1059, 1062 (1991); *Ruffino*, 94 N.M. at 502, 612 P.2d at 1313.

■ Defendant continues to argue that Officer Sellers' search was not an inventory search at all, but rather an investigatory search prompted by his suspicion that the cigarette pack contained contraband. In this context, however, we note that the scope of a permissible inventory search is broad and may permit, without offending the Federal or State Constitution, that every item or container carried on or by an arrestee be opened and searched so long as such search is pursuant to a clearly established procedure requiring such extensive scrutiny. *Lafayette*, 462 U.S. at 648, 103

S.Ct. at 2610; *Boswell*, 111 N.M. at 242, 804 P.2d at 1061. Moreover, "the lawfulness of an inventory search operates independently from any suspicion by the police of contraband that may be concealed in a container." *Boswell*, 111 N.M. at 243, 804 P.2d at 1062.

■ Nonetheless, Defendant argues that, under the facts admitted at the hearing, the search of his cigarette pack did not further any of the three permissible purposes of inventory searches set out above. Because the monetary value of cigarettes is negligible, Defendant argues, a search of open cigarette packs is not necessary or reasonable in order to protect an arrestee's property, or to protect the police against claims or disputes about the number of cigarettes inventoried.

Defendant also argues that, because it was jail policy to confiscate any open cigarette packs in an arrestee's possession at the time of arrest and to store those cigarettes with the prisoner's other possessions during incarceration, there was no possibility of introducing dangerous instrumentalities into the detention facility through the opened cigarette pack. However, these arguments miss the essence of the law controlling inventory searches and we note again that a clearly established inventory procedure may properly require that jailers search all containers, including cigarette packs. *See Lafayette*, 462 U.S. at 648, 103 S.Ct. at 2610; *Boswell*, 111 N.M. at 242–43, 804 P.2d at 1061–62.

Further, we believe the recently decided *Boswell* decision noted above is illustrative of the broad scope of lawful inventory searches. In *Boswell*, our Supreme Court held that a police officer's search of a defendant's wallet, which had been inadvertently left in a grocery store following the defendant's arrest for shoplifting, was a valid inventory search. The wallet, which the defendant produced for identification at the time of the arrest, had been left at the grocery store after the defendant was taken into custody. After the arresting officer returned to the grocery store and retrieved the wallet, a search of the contents of the wallet revealed a blotter of LSD.

Our Supreme Court determined that "the government[al] interests that make an inventory search reasonable (to safeguard the property from loss or theft, to protect the police from liability and false claims, and to protect the police from hidden dangers), under the facts and circumstances of this case, justified the officer's return to retrieve the wallet." *Boswell,* 111 N.M. at 244, 804 P.2d at 1063. The *Boswell* Court then concluded that the "search properly fell within the inventory exception and was justified by appropriate police concerns that defendant's property be secured." *Id.* at 245, 804 P.2d at 1064.

Likewise, we believe there was substantial evidence to find that the inventory of Defendant's cigarette pack in the present case was reasonably made in furtherance of both the protection of the arrestee's property and to protect the police against false claims because items of value such as money, rings, and bracelets are often temporarily stored in open cigarette packs.

## CONCLUSION

Because Officer Sellers testified that the purpose of searching the open cigarette container was to inventory the contents of the cigarette pack, and because the detention facility's inventory search procedure in this case did further a legitimate police interest under the law controlling inventory searches, we believe the search was reasonable and did not violate Defendant's right under the Fourth Amendment to be free from unreasonable searches. We affirm the trial court's denial of Defendant's motion to suppress the cocaine.

IT IS SO ORDERED.

PICKARD and FLORES, JJ., concur.