RAWLINSON, Circuit Judge,
concurring:
I concur in the conclusion that the judgment of the district court should be affirmed. I write separately to emphasize that any instructional error regarding the elements of 18 U.S.C. § 1958 was, at most, technical in nature.
Section 1958 provides in pertinent part: “(a) Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any state or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for no more than ten years, or both ...”
The district court instructed the jury that to find the defendant guilty
the Government must prove each of the following elements beyond a reasonable doubt: First, the defendant caused Matthew Robinson to travel from one state to another. Second, the defendant intended a murder be committed in violation of the laws of the United States or the State of Idaho. And third, the defendant promised to pay Matthew Robinson anything of pecuniary value in consideration for the murder.
Our precedent has upheld jury instructions that track the statutory language. See, e.g. Johnson v. United States, 270 F.2d 721, 725 (9th Cir.1959); see also United States v. McKittrick, 142 F.3d 1170, 1177 (9th Cir.1998) (applying the same principle to a regulation). In my view, there is no legally significant difference between an instruction that states the defendant caused another to travel in interstate commerce with the intent that a murder be committed and an instruction that states the defendant caused another to travel in interstate commerce and intended that a murder be committed. See United States v. Peterson, 538 F.3d 1064, 1072 (9th Cir.2008) (discussing the “nebulous” difference between “could have influenced” and “capable of influencing”); see also United States v. Knigge, 832 F.2d 1100, 1109 (9th Cir.1988), as amended (holding that instruction was adequate where the phrase “for the purpose of influencing conduct” was used rather than “will influence his conduct”) (emphasis omitted).
I am not persuaded that the cases from the Eighth and Tenth Circuits cited by the majority compel a finding of error in the formulation of the instruction.
In U.S. v. McGuire, 45 F.3d 1177, 1186 (8th Cir.1995), the issue was framed as whether sufficient evidence supported the jury’s verdict convicting the defendant “of using interstate facilities in the commission of murder-for-hire ...” Notably, no issue of jury instruction was raised or decided. In concluding that the evidence was sufficient to support the jury’s verdict, the *1027 Eighth Circuit determined that the standard was met where the evidence “establish[ed] beyond a reasonable doubt that Mandacina caused McGuire to travel in interstate commerce for the purpose of murdering Strada.” Id. at 1187 (emphasis added). Applying this standard to the facts of our case supports the jury’s guilty verdict because the evidence “established] beyond a reasonable doubt that [Driggers] caused [Matthew Robinson] to travel in interstate commerce for the purpose of murdering [Driggers’ ex-wife].”
The Eighth Circuit case of United States v. Delpit, 94 F.3d 1134, 1149 (8th Cir.1996) was also resolved in the context of a challenge to the sufficiency of the evidence, rather than a challenge to the jury instruction addressing § 1958. See id. at 1148 (addressing only reasonable-doubt instruction and lack of multiple-conspiracies instruction).
In resolving defendant’s sufficiency of the evidence argument, the Eighth Circuit stated: “To convict Saunders of violating § 1958(a), the government had to prove that (1) Saunders caused Delpit to travel in interstate commerce, (2) he or Delpit intended that a murder be committed in violation of Minnesota law, and (3) the murder was to be committed for hire.” Id. at 1150 (citing McGuire, 45 F.3d at 1186). Far from calling into question the challenged jury instruction, the Eighth Circuit’s articulation of the elements of § 1958(a) is strikingly similar to the instruction given by the district court in this case.
Finally, the Tenth Circuit in United States v. McCullah, 76 F.3d 1087, 1104 (10th Cir.1996) did conclude that “[i]n light of all the evidence, the jury could reasonably infer that Mr. McCullah must have known about the homicidal purpose behind the trip from California to Oklahoma before he under-took the venture ...” However, as with the cases in the Eighth Circuit, this conclusion was reached in the context of a sufficiency-of-the-evidence challenge rather than a challenge to a jury instruction on the elements of § 1958. Indeed, the court in no way opined on the proper phrasing of a § 1958 jury instruction.
The majority makes use of a hypothetical scenario to illustrate the perceived instructional error. See Majority Opinion, p. 1023. However, in reviewing the adequacy of a jury instruction, we consider the instruction as applied to the facts of the case before us, rather than to a hypothetical set of facts. See Peterson, 538 F.3d at 1072 (analyzing the claim of instructional error “[u]nder the facts in this case”); see also United States v. Frazin, 780 F.2d 1461, 1468 (9th Cir.1986) (“The adequacy of the entire charge must be evaluated in the context of the trial.”) (citation omitted) (emphasis added).
I am simply not persuaded that the district court’s instruction regarding the elements of § 1958 was erroneous when viewed in the context of the facts of this case. Driggers did not ask Robinson to cross state lines to pick up a birthday present, to fix a roof or for any other innocuous purpose. The facts of this case reflect that Driggers asked Robinson to cross state lines to kill Driggers’s wife and for no other reason. No question of purely intrastate activity was raised. The hypothetical possibility that the jury could have misapprehended the instruction does not rise to the level of cognizable error. Cf. Leavitt v. Arave, 383 F.3d 809, 823 (9th Cir.2004), as amended (noting that although an instruction could have misled the jury, there was no reasonable likelihood that it did so). Nevertheless, I acknowledge that the district court’s mis-characterization of the mens rea element as a jurisdictional component of the statute, rather than an element of the offense, *1028 may have technically constituted instructional error. Cf. United States v. Fisher, 494 F.3d 5, 10 (1st Cir.2007) (noting that the government’s jurisdictional argument was not germane when considering the elements of the offense). For that reason, I fully endorse the harmless error analysis articulated in the majority opinion and concur in the judgment affirming Drig-gers’s conviction.