**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50405 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00307-LAB |
| v. | |
| CARLOS VALENCIA-MACIAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 4, 2014
Pasadena, California

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

Carlos Valencia-Macias appeals his conviction for conspiracy to distribute

marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846. We have jurisdiction under

28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court did not err under Federal Rules of Evidence 702 or 403 by permitting the government's expert to testify regarding the typical structure of maritime drug smuggling operations involving panga boats. *See United States v. Valencia-Amezcua*, 278 F.3d 901, 908–09 (9th Cir. 2002) (discussing admissibility of "structure" testimony). The court's pretrial order established appropriate limits for this expert testimony.

At trial, in response to a question by Valencia-Macias' co-defendant's counsel, the expert opined that when law enforcement arrived on the beach in this case, "everybody went every which direction except for the poor two guys that actually got stuck with their hands in the cookie jar." Neither defense attorney objected.

Valencia-Macias' pretrial motion in limine to preclude the expert's testimony in its entirety did not preserve Valencia-Macias' objection to the "cookie jar" comment under Federal Rule of Evidence 704(b). The motion in limine did not raise a Rule 704(b) objection, and the district court premised its pretrial ruling on the government's representation that the expert would offer no opinion about the defendants' guilt in this case. Because there was no objection to the expert's "cookie jar" comment at trial, we review for plain error. *See United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990); *see also* Fed. R. Crim. P. 52(b).

2

Under the plain error standard of review, Valencia-Macias "has the burden to show that (1) there was an error; (2) the error was plain, i.e. clear or obvious; (3) the error affected his substantial rights, meaning that it 'affected the outcome of the district court proceedings'; and (4) the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Anguiano-Morfin*, 713 F.3d 1208, 1210–11 (9th Cir. 2013) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)), *cert. denied*, 134 S. Ct. 543 (2013). In this case, even assuming it was plain error to allow the expert's "cookie jar" comment to stand without correction, the error did not affect Valencia-Macias' substantial rights. The jury could have fully credited the expert's "cookie jar" comment and also fully credited Valencia-Macias' defense theory: that the government arrested him on a case of mistaken identity.

**AFFIRMED.**