
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10184 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00483-EMC-2 |
| v. | |
| PETER WONG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted May 14, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge, OWENS, Circuit Judge and COLLINS,[***] Chief
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Raner C. Collins, Chief District Judge for the U.S.
District Court for the District of Arizona, sitting by designation.

Peter Wong appeals his conviction of three counts of theft concerning a federally funded program in violation of 18 U.S.C. § 666(a)(1)(A).  Having jurisdiction under 28 U.S.C. § 1291, we reject his arguments and affirm.

First, the warrant alleged sufficient facts establishing probable cause to search Wong's home.  *See United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986) (judges are "entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense"); *United States v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir. 2002) (issuing judges may rely on an officer's training and experience).  Moreover, under *United States v. Leon*, this was not a warrant "so lacking in indicia of probable cause" that it was unreasonable for officers to rely on the judge's probable cause determination.  468 U.S. 897, 923 (1984) (internal quotation marks omitted); *United States v. Luong*, 470 F.3d 898, 903 (9th Cir. 2006) (holding no suppression because the affidavit established "at least a colorable argument for probable cause").

Second, the district court did not err in refusing to give a mistake-of-fact jury instruction; the instructions as a whole apprised the jury of the specific intent required and adequately embodied the defense's theory.  *See United States v. Anguiano-Morfin*, 713 F.3d 1208, 1210 (9th Cir. 2013) (the instructions given

adequately conveyed the offense's elements, informed the jury of the dispositive issue, and presented the defense's theory); *United States v. Sarno*, 73 F.3d 1470, 1485 (9th Cir. 1995).

Finally, the juror did not introduce extraneous prejudicial information to the jury during deliberations; he merely relied on his personal experience in the banking industry to interpret the evidence introduced at trial. *See United States v. Navarro-Garcia*, 926 F.2d 818, 821-22 (9th Cir. 1991). Like a doctor-juror who "will doubtless have knowledge and experience bearing on any medical questions that may arise" during trial, *Grotemeyer v. Hickman*, 393 F.3d 871, 879 (9th Cir. 2004), a juror with banking experience will bring his knowledge to bear on banking issues. "Evaluation of credibility necessarily relies on experience," *id.*, and the juror's reliance here was neither unexpected nor improper.

**AFFIRMED**.