MEMORANDUM * Louis Matthews appeals his jury conviction for violations of 21 U.S.C. §§ 841, 846, 924(c), and 924(j). We have jurisdiction over this appeal, 28 U.S.C. § 1291, and reverse his convictions and vacate his sentence. The district court violated Matthews’ Sixth Amendment right to a unanimous verdict by an impartial jury when it dismissed the lone holdout juror. A district court can dismiss a juror after deliberations begin for “good cause.” Fed. R. Crim. P. 23(b)(3). When applying this review standard, we must “safeguard[ ] the defendant’s [Sixth Amendment] right to a unanimous verdict from an impartial jury.” United States v. Symington, 195 F.3d 1080, 1087 (9th Cir. 1999). Reversal is required if a district court dismisses the juror and “the record evidence discloses any reasonable possibility that the impetus for [the] juror’s dismissal stems from the juror’s views on the merits of the case.” Id. The jury in this case announced it had reached a unanimous verdict. However, polling of the jury in open court revealed an 11-1 split with Juror No. 8 as the lone holdout. The jury then continued deliberations. Later that day, the judge informed counsel that Juror No. 8 left the jury room and “was sobbing and crying.” The judge recounted that he separated Juror No. 8 from the jury, and during an off-record interview outside the presence of counsel, Juror No. 8 stated that “[she] can’t do this.” When the judge asked Juror No. 8 if the effect of the deliberations prevented her from continuing, she stated, “I’m very upset.... And we got in there, and they were saying....” The judge cut her off at this point, noting that he could not hear about the deliberations. When Juror No. 8 stated again that she could not continue, the judge dismissed her and seated an alternate juror in her place. Given these facts, a “reasonable possibility” exists that the dismissal of the sole holdout juror was related to the juror’s views of the case. Therefore, pursuant to the requirements established in Symington, we must reverse the convictions and remand for a new trial. Given our resolution of this case, we need not-and do nob-reach any other issue urged by the parties. REVERSED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.