**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 06 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-35547 |
| Plaintiff-Appellee, | DC No. CR 2-102 RHW |
| v. | |
| WILLIAM WISE MOCK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Argued and Submitted April 12, 2018
Seattle, Washington

Before:    TASHIMA and GRABER, Circuit Judges, and MIHM,[**] District
Judge.

William Wise Mock appeals from the district court's denial of his second or

successive 28 U.S.C. § 2255 motion to vacate his sentence.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Michael M. Mihm, United States District Judge for the
Central District of Illinois, sitting by designation.

**1.** At sentencing in 2003, the district court determined based on the presentence investigation report ("PSR") that Mock was a career offender under United States Sentencing Guideline § 4B1.1(a). The PSR listed four qualifying career offender predicates: two Washington third-degree assault convictions and two Oregon drug manufacture and delivery convictions. In 2005, Mock filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the district court denied.

In 2016, this court authorized Mock to file a second or successive § 2255 motion. Mock contended that after *Johnson v. United States*, 135 S. Ct. 2551 (2015), the residual clause in U.S.S.G. § 4B1.2(a) was void for vagueness and his Washington third-degree assault convictions are not valid career offender predicates. The district court agreed, concluding that *Beckles v. United States*, 137 S. Ct. 886 (2017) does not preclude a vagueness challenge to the mandatory, pre-*Booker*[1] Sentencing Guidelines. Nonetheless, the court denied Mock's motion because, it concluded, Mock remains a career offender because of his two Oregon drug convictions.

**2.** On appeal, Mock contends that the district court erred in relying on the PSR – rather than the documents approved of in *Shepard v. United States*, 544

---

[1] *Booker v. United States*, 543 U.S. 220 (2005).

U.S. 13 (2005) – to determine that Mock's two drug convictions count as separate career offender predicates.[2]  Because Mock did not object to the district court's reliance on the PSR, and in fact encouraged the court to rely on the PSR, we review for plain error.  Fed. R. Crim. P. 52(b); *Puckett v. United States*, 556 U.S. 129, 135 (2009).  Mock therefore must show that:  "(1) there was an error; (2) the error was plain, i.e. clear or obvious; (3) the error affected his substantial rights, meaning that it 'affected the outcome of the district court proceedings'; and (4) the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"  *United States v. Anguiano-Morfin*, 713 F.3d 1208, 1210–11 (9th Cir. 2013) (quoting *Puckett*, 556 U.S. at 135).

Mock has not carried his burden.  First, given our case law, Mock has not shown that any error was "clear or obvious, rather than subject to reasonable dispute."  *Puckett*, 556 U.S. at 135; *see also United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003) ("An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results.").  Second, even if the district court erred, defense counsel represented in district court that the PSR incorporates Mock's conviction

---

[2]  We grant Mock's motion to strike the government's supplemental excerpts of record because the documents in the supplemental excerpts were not clearly part of the record before the district court.

records – themselves *Shepard* documents – which undermines any argument that the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings" or "affect[ed] substantial rights." *United States v. Olano*, 507 U.S. 725, 732, 734 (1993) (internal quotation marks omitted). The district court did not plainly err.

**3.** We review for abuse of discretion the district court's determination that Mock's two Oregon drug convictions count as separate career offender predicates. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1171 (9th Cir.) (en banc), *cert. denied*, 138 S. Ct. 229 (2017). Two convictions count separately if they were separated by an intervening arrest or were not part of a "common scheme or plan." U.S.S.G. § 4A1.2(a), cmt. n.3 (2002). The factors relevant to whether the offenses were part of a common scheme are: "(1) whether the crimes were committed 'within a short period of time;' (2) whether the crimes involved the same victim; (3) whether the defendant was arrested by the same law enforcement agency for both crimes; and (4) when the arrests occurred and whether both crimes were solved during the course of one investigation." *United States v. Chapnick*, 963 F.2d 224, 226 (9th Cir. 1992), *superseded on other grounds by* U.S.S.G. § 4A1.2, cmt. n.3 (citation and internal quotation marks omitted).

More than a month after Mock's arrest and jailing on the first drug charge, officers received a report that Mock was living in a boxcar, raided the boxcar, and found a methamphetamine lab. It took the officers nine days to locate and arrest Mock at the county jail, suggesting that the offenses were discovered through separate investigations. Moreover, the two meth labs were in different locations, meaning the crimes may have had different victims. Therefore, the district court did not abuse its discretion in concluding that the offenses were not part of a common scheme and count separately for purposes of the career offender Guideline.[3]

·  ●  ·

The judgment of the district court is

**AFFIRMED**.

---

[3] Because we conclude that the district court did not err in determining that Mock remains a career offender regardless of the status of his assault convictions, we do not decide whether the residual clause of U.S.S.G. § 4B1.2(a) is void for vagueness.