NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10265 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00231-GEB-1 |
| v. | |
| KULWANT SINGH SANDHU, AKA Ken Sandhu, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted October 10, 2018
San Francisco, California

Before: D.W. NELSON, W. FLETCHER, and BYBEE, Circuit Judges.

Kulwant ("Ken") Singh Sandhu appeals his jury conviction for two counts of making harassing telephone calls to the Securities and Exchange Commission and the Financial Industry Regulatory Authority in violation of 47 U.S.C. § 223(a)(1)(D). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"When a party properly objects to a jury instruction, we review de novo whether the instructions given 'accurately describe[] the elements of the charged crime.'" *United States v. Garcia*, 729 F.3d 1171, 1175 (9th Cir. 2013) (alteration in original) (quoting *United States v. Heredia*, 483 F.3d 913, 921 (9th Cir. 2007) (en banc)). "[A]n instruction tracking a statute is generally not erroneous . . . ." *Id.* at 1177 (citing *Johnson v. United States*, 270 F.2d 721, 725 (9th Cir. 1959)). "A criminal defendant is entitled to jury instructions related to a defense theory so long as there is any foundation in the evidence and the instruction is supported by law." *United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014) (quoting *United States v. Doe*, 705 F.3d 1134, 1144 (9th Cir. 2013)) (internal quotation marks omitted). We review for abuse of discretion whether the proposed construction has "some foundation in the evidence" and review de novo whether an instruction is "supported by law." *United States v. Anguiano-Morfin*, 713 F.3d 1208, 1209 (9th Cir. 2013) (quoting *United States v. Marguet-Pillado*, 648 F.3d 1001, 1006 (9th Cir. 2011) (internal quotation marks omitted)).

In the instant case, the district court gave jury instructions that tracked the language of the statute precisely. The district court's jury instructions did not omit any required elements of the crime. *Cf. Garcia*, 729 F.3d at 1177. Sandhu's proposed instructions regarding the First Amendment were not "supported by law" because, as described below, 47 U.S.C. § 223(a)(1)(D) does not criminalize

speech, but only conduct. The district court did not err in failing to give the defense's proposed jury instructions.

This Court reviews the sufficiency of evidence to justify a conviction de novo. *United States v. Kaplan*, 836 F.3d 1199, 1211 (9th Cir. 2016). The inquiry is whether, when the evidence is viewed in the light most favorable to the government, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 1211–12 (quoting *Jackson v. Virginia*, 433 U.S. 307, 319 (1979)) (internal quotation marks omitted).

Under de novo review, we find that, when the evidence is viewed in the light most favorable to the government, there was sufficient evidence to justify Sandhu's conviction based on the sheer number of calls, as well as the ensuing conversations evidencing the intent Sandhu had in making those calls.

We review a challenge to the constitutionality of a statute de novo. *United States v. Ward*, 989 F.2d 1015, 1017 (9th Cir. 1992).

Under de novo review, we find that Sandhu's conviction is not unconstitutional because 47 U.S.C. § 223(a)(1)(D) regulates conduct and does not regulate speech. Any expressive aspects of Sandhu's conduct were "integral to criminal conduct" and thus not protected under the First Amendment. *See, e.g.*, *United States v. Osinger*, 753 F.3d 939, 947 (9th Cir. 2014).

**AFFIRMED.**