NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10281 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00062-APG-DJA-2 |
| v. | |
| LOUIS MATTHEWS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted March 10, 2021
Las Vegas, Nevada

Before: CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

Defendant Louis Matthews appeals his convictions for (1) conspiracy to possess marijuana with intent to distribute, 21 U.S.C. §§ 841, 846, and (2) use of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(j)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Matthews, posing as a buyer, resolved to rob three drug sellers—Angel

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Juarez, Julio Nunez, and Luciano Madrigal-Herrera—of 20 pounds of marijuana. Matthews had purchased pounds of marijuana from some of them on several occasions, was unhappy about the deals, arranged to buy 20 pounds of marijuana from them, but intended to rob the sellers of the marijuana rather than pay for it. He enlisted his cousin, John Thomas, and an acquaintance, Jared Holman (also known as "H.K."), for assistance in the robbery. During the robbery, Matthews and Thomas shot and killed Madrigal-Herrera. Matthews was charged with conspiring to possess marijuana with intent to distribute and using a firearm during a drug trafficking crime.[1] The indictment listed Thomas, Juarez, and Nunez as his named coconspirators. A jury convicted Matthews on both the conspiracy and the firearm charges.

1. Matthews argues there was insufficient evidence to support the conspiracy and firearm convictions. We review his sufficiency of the evidence claims for plain error because he moved for a judgment of acquittal after the prosecution rested but failed to renew the motion at the close of all evidence. *See United States v. Pelisamen*, 641 F.3d 399, 409 n.6 (9th Cir. 2011).[2] Although we review for plain

---

[1] Matthews's first trial on the same charges resulted in a conviction after a holdout juror was dismissed from the case. *United States v. Matthews*, 709 F. App'x 481, 482 (9th Cir. 2018). We reversed and remanded for a new trial. *Id.*

[2] Matthews claims that renewing the motion at the end of the trial would have been futile, so we should exercise de novo review. In *United States v. Esquivel-Ortega*, 484 F.3d 1221 (9th Cir. 2007), we recognized that "the fact that the court had denied

2

error here, we note that we would reach the same result under de novo review.

There was sufficient evidence of a conspiracy between Matthews and Thomas to possess marijuana with intent to distribute. On the day of the robbery, Thomas, Matthews, and H.K. discussed the robbery, and from that discussion, Thomas knew the robbery would involve marijuana. Although Thomas testified that he didn't know the amount of marijuana involved, Thomas knew that Matthews made money from selling drugs. Matthews and Thomas also discussed in advance bringing guns to the robbery. So the evidence shows that Thomas (1) agreed with his cousin, who he knew was a drug dealer (2) to commit an armed robbery of marijuana sellers (3) with the marijuana as the object of the robbery. The jury could easily have inferred that Thomas knew the marijuana would be of a distributable quantity far in excess of a personal use quantity. Nunez testified that Thomas carried the bag containing 20 pounds of marijuana as Thomas and Matthews fled after shooting Madrigal-Herrera. Furthermore, the cell phone records show that, around

---

[defendant]'s motion for acquittal only a few moments earlier" made renewing the motion at the close of all evidence "an empty ritual." *Id.* at 1225. But the *Esquivel-Ortega* exception does not apply here—Matthews's motion for acquittal was denied a day before the trial ended, during which time the defense called two witnesses, so renewing the motion would not have been an "empty ritual." In any case, the difference between de novo review and plain error review of a sufficiency of the evidence claim is "largely academic" because under either standard, "we must give great deference to the jury verdict and must affirm if any rational trier of fact could have found the evidence sufficient." *Pelisamen*, 641 F.3d at 409 n.6 (internal quotation marks omitted).

the time Thomas was meeting with Matthews and H.K. on the day of the robbery, Thomas messaged his friend Marquez Smith, essentially inquiring if Smith would like to make a few thousand dollars. The jury could have inferred that the message related to the robbery and the possible sale of the marijuana. The evidence was more than sufficient for a rational juror to conclude that Matthews and Thomas agreed to rob the sellers of (and thus possess) marijuana with the intent to later distribute it. *See United States v. Hegwood*, 977 F.2d 492, 497–98 (9th Cir. 1992). We affirm the conspiracy conviction on this basis.

The firearm conviction depends on the conspiracy conviction because an element of the firearm crime is that it must have occurred during a drug trafficking crime—here, the conspiracy to possess marijuana with intent to distribute. *See* 18 U.S.C. § 924(j)(1). Matthews argues that because there was insufficient evidence of a conspiracy, there was also insufficient evidence for the drug trafficking element of the firearm conviction. Because we find there was sufficient evidence to support the conspiracy conviction, we also conclude there was sufficient evidence to support the firearm conviction.

2. Matthews argues the district court erred in refusing to give his proposed buyer-seller jury instruction. His proposed jury instruction was:

> Proof that a defendant sold drugs to other individuals does not prove the existence of a conspiracy. . . . Rather, conspiracy requires proof of an agreement to commit a crime other than the crime that consists of the sale itself.

4

"The district court's failure to give a defendant's requested instruction that is supported by law and has some foundation in the evidence warrants per se reversal, unless other instructions, in their entirety, adequately cover that defense theory." *United States v. Anguiano-Morfin*, 713 F.3d 1208, 1209 (9th Cir. 2013) (citation omitted). "We review de novo whether other instructions adequately cover the defense theory." *Id.* But we review "the language and formulation of a jury instruction" for abuse of discretion. *Moe*, 781 F.3d at 1127 (citation omitted).

The district court's instructions adequately covered Matthews's buyer-seller theory. The district court followed the model instructions and instructed the jury that "[a] conspiracy is a kind of criminal *partnership*," and that it had to "find that there was a *plan* to commit the offense of Possession of Marijuana With Intent to Distribute as an object or purpose of the conspiracy." We have found such jury instructions enough to "fully convey the distinction between a buyer-seller relationship and a co-conspiracy relationship" in similar cases involving a single defendant charged with only a conspiracy drug crime. *See id.* at 1128. There is nothing here that suggests a "more substantial risk of a jury mistaking a sale as a basis on which to find a conspiracy." *Id.* at 1128 n.11.

In addition, the district court used the first sentence of Matthews's proposed instruction and instructed the jury: "It is not enough [for a conspiracy] . . . that they simply . . . sold drugs to other individuals . . . ." Matthews claims this wording is

misleading because the jury may have construed the instruction to mean only that a conspiracy could not be formed based on sales by Matthews or the sellers to third parties (other than the alleged coconspirators). However, the district court "has substantial latitude to tailor jury instructions," *United States v. Peppers*, 697 F.3d 1217, 1221 (9th Cir. 2012) (per curiam) (citation omitted), and here, the district court used the same relevant language—"that [defendants] . . . sold drugs to other individuals"—that Matthews proposed. We find the district court did not abuse its discretion in instructing the jury.

**AFFIRMED.**