NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10060 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00296-JAM-3 |
| v. | |
| RUBEN RODRIGUEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10075 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00296-JAM-4 |
| v. | |
| JAIME MAYORGA, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 9, 2021**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER, MURGUIA, and LEE, Circuit Judges.

Ruben Rodriguez and Jaime Mayorga appeal their respective convictions for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Rodriguez and Mayorga first contend that insufficient evidence supports their convictions because no rational juror could have found, based on the evidence at trial, that the alleged misrepresentations and false statements related to mortgage applications were material to lenders' decisions. We review this claim de novo, *United States v. Salman*, 531 F.3d 1007, 1010 (9th Cir. 2008), and will reverse "only if viewing the evidence in the light most favorable to the government, and granting to the government all reasonable inferences that may be drawn from the evidence, no rational trier of fact could find beyond a reasonable doubt that the defendant[s] committed the crime," *United States v. Johnson*, 297 F.3d 845, 868 (9th Cir. 2002).

A reasonable juror could conclude that Rodriguez's and Mayorga's falsehoods—including their use of "straw buyers" to hide the true identity of loan applicants, their false statements about loan applicants' jobs and income, and their practice of lending funds to applicants to inflate the applicants' assets for "verification" by lenders—were material. Several of Rodriguez and Mayorga's clients testified at trial that they were initially told they did not qualify for loans, but after working with Rodriguez or Mayorga, they were ultimately able to obtain loans.

2

A reasonable juror could conclude from this evidence that Rodriguez's and Mayorga's alleged misrepresentations were material, that is, they could have made the difference between an applicant's being denied a loan and an applicant's receiving a loan. *See United States v. Lindsey*, 850 F.3d 1009, 1014 (9th Cir. 2017) (explaining that materiality is an objective standard and depends on "the intrinsic capabilities of the false statement itself" to influence a lender's decision) (internal quotation marks omitted).

2. Rodriguez and Mayorga next argue that the district court improperly excluded certain testimony from an expert witness, Professor Shaun Martin. Even if the district court abused its discretion in excluding expert testimony, the district court's error is not reversible if it is harmless. *United States v. Laurienti*, 611 F.3d 530, 547 (9th Cir. 2010). An error is harmless if "it is more probable than not that the error did not materially affect the verdict." *Id.* (quoting *United States v. Cohen*, 510 F.3d 1114, 1127 (9th Cir. 2007)).

Here, the district court sustained objections to several questions related to lending standards in the subprime mortgage industry and the basis for Professor Martin's knowledge of this industry. In the end, though, Professor Martin was allowed to make his central point key to Rodriguez and Mayorga's theory of the case: that the rise of subprime mortgage lending and securitization essentially eliminated all lending standards, such that lenders no longer cared about the

information on loan applications. He was also allowed to testify about the reports and literature that formed the basis of his conclusions about the mortgage-lending industry. Therefore, any error was harmless. *See id.* at 548–49 (holding that exclusion of "a limited set of questions" posed to the defense expert was harmless where the expert "was permitted to testify to a large extent on those topics").

3. Finally, Rodriguez and Mayorga assert that the district court erred by giving an improper jury instruction regarding the "intent to defraud" element of the wire-fraud conspiracy charge. We review de novo whether a jury instruction is "supported by law." *United States v. Anguiano-Morfin*, 713 F.3d 1208, 1209 (9th Cir. 2013) (internal quotation marks omitted).

The government concedes that the jury instruction that "intent to defraud" requires "intent to deceive *or* cheat" was erroneous. We held in *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021), that the pattern jury instruction used here was erroneous because wire fraud requires intent "to deceive *and* cheat." Therefore, the only remaining question is whether the error was harmless. *Neder v. United States*, 527 U.S. 1, 15–16 (1999); *Miller*, 953 F.3d at 1103. We conclude that it was.

Here, as in *Miller*, the district court further instructed the jury that wire fraud requires that "the person knowingly participated in a scheme or plan to defraud or a scheme or plan to obtain money or property by means of false or fraudulent

4

pretenses, representations, or promises."  Given this additional instruction, and the overwhelming evidence at trial that Rodriguez, Mayorga, and their co-conspirators intended to obtain something of value through their misrepresentations—that is, mortgage loans and associated commissions—it is highly unlikely that the jury concluded that Rodriguez and Mayorga intended merely to deceive lenders but not to cheat them by obtaining something of value.  *See Miller*, 953 F.3d at 1103.  In other words, we conclude that a rational jury still would have found Rodriguez and Mayorga guilty absent the instructional error.  *See Neder*, 527 U.S. at 18; *Miller*, 953 F.3d at 1103.

**AFFIRMED.**