**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-902 |
| *Plaintiff - Appellee,* | D.C. No. 2:19-cr-00051-TOR-1 |
| v. | |
| JACKSON DANIEL BOWERS, | OPINION |
| *Defendant - Appellant.* | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted August 20, 2024
Seattle, Washington

Filed March 4, 2025

Before: Michael Daly Hawkins, M. Margaret McKeown,
and Ana de Alba, Circuit Judges.

Opinion by Judge de Alba

# SUMMARY[*]

## Criminal Law

The panel affirmed the district court's revocation of Jackson Daniel Bowers' supervised release in a case in which Bowers argued that Article III, section 2 of the Constitution affords supervisees the right to a jury trial in revocation proceedings held under 18 U.S.C. § 3583(e).

In Bowers' view, Article III and the Sixth Amendment are independent from each other and the Sixth Amendment trial-by-jury rights are more limited than those rights under Article III.

Joining the Seventh Circuit, the panel held that Article III's jury provision and the Sixth Amendment are equivalent in scope. Although there are textual differences between Article III's "all Crimes" and the Sixth Amendment's "all criminal prosecutions," Bowers' reading of this difference is not supported by the history of Article III and the Sixth Amendment. History and precedent make clear that the Sixth Amendment was meant to complement Article III, section 2, not to supersede or compete with it. It follows that a right not triggered by the Sixth Amendment cannot be independently triggered by Article III.

The panel disposed of Bowers' other claims in a concurrently filed memorandum disposition.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Paul T. Crane (argued), Attorney, Appellate Section, Criminal Division; Lisa H. Miller, Deputy Assistant Attorney General; Nicole M. Argentieri, Acting Assistant Attorney General; United States Department of Justice, Washington, D.C.;  Caitlin A. Baunsgard and Ian L. Garriques, Assistant United States Attorneys; Vanessa R. Waldref, United States Attorney; United States Attorney's Office, United States Department of Justice, Spokane, Washington; for Plaintiff-Appellee.

Molly Winston (argued), Assistant Federal Public Defender; Carter L. Powers Beggs, Trial Attorney; Federal Public Defenders of Eastern Washington and Idaho, Spokane, Washington;  Colin G. Prince, Federal Public Defender, Connelly Law Offices PPLC, Tacoma, Washington; for Defendant-Appellant.

Jacob Schuman, Penn State Law School, University Park, Pennsylvania, for Amici Curiae Criminal Law Scholars.

## OPINION

DE ALBA, Circuit Judge:

Jackson Daniel Bowers challenges his revocation of supervised release by presenting a novel constitutional argument: that Article III, section 2 of the Constitution affords supervisees the right to a jury trial in revocation proceedings held under 18 U.S.C. § 3583(e).[1] We disagree and find that Article III's jury trial guarantee is equivalent in scope to the Sixth Amendment's. As such, Bowers' Article III claim is foreclosed by circuit precedent, and we affirm the revocation of his supervised release.

### I.  Factual and Procedural Background

In 2019, pursuant to a guilty plea, Bowers was convicted of possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(C). He was sentenced to 36 months imprisonment to be followed by three years of supervised release. In 2023, after Bowers completed his prison time and while on supervised release, his probation officer filed two separate petitions with the district court alleging that Bowers violated his supervised release by committing two state crimes: (1) fourth-degree assault, and (2) violating a protective order. The probation officer recommended the district court revoke Bowers' supervised release. While the revocation hearing was pending, Bowers resolved his criminal charges in state court by entering a deferral agreement without admitting to guilt.

---

[1] We dispose of Bowers' other claims in a concurrently filed memorandum disposition.

Subsequently, the district court held a supervised release revocation hearing. During the hearing, Bowers invoked his right to a jury trial.[2] The district court denied Bowers' request and proceeded with the revocation hearing without empaneling a jury. After receiving evidence and listening to testimony, the district court found by a preponderance of the evidence that Bowers committed fourth-degree assault and violated a protective order in violation of his supervised release. The district court revoked Bowers' supervised release and resentenced him to nine months imprisonment followed by 36 months of supervised release. Bowers appealed the district court's order, arguing that, separate from the jury trial right contained in the Sixth Amendment, Article III, Section 2 of the Constitution guarantees the right to a jury trial at revocation hearings.

## II. Legal Standard

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a claim that a sentence violates a defendant's constitutional right. *United States v. Henderson*, 998 F.3d 1071, 1073–74 (9th Cir. 2021).

## III. Discussion

Bowers, conceding that circuit precedent forecloses any argument that the Sixth Amendment guarantees supervisees a right to a jury trial in revocation proceedings,[3] urges us to

---

[2] The parties dispute whether Bowers properly raised his Article III argument below and, therefore, whether we should review his claim de novo or for plain error. We need not decide this question because, regardless of the standard of review, the result is the same.

[3] We have consistently held that defendants facing revocation of supervised release pursuant to 18 U.S.C. § 3583(e) have no Sixth

locate such a right in Article III, Section 2, Clause 3 of the Constitution.  He alleges that the jury trial guarantees in the Sixth Amendment and Article III are "markedly different" because the Sixth Amendment limits its scope to "all criminal prosecutions" while Article III applies to "all Crimes, except in Cases of Impeachment."  In short, Bowers sees Article III and the Sixth Amendment as independent from each other and the Sixth Amendment trial by jury rights as being more limited than those rights under Article III. Recently, in a similar claim, the Seventh Circuit declined to hold that supervisees have a right to a jury trial on supervised release proceedings under Article III.  *See United States v. Carpenter*, 104 F.4th 655 (7th Cir. 2024).  Bowers asks this Court to create a circuit split by being the first court to hold otherwise.  We decline to do so.

In our system of criminal adjudication, one of the most fundamental and sacred procedural rights is that of a trial by jury.   Our Founding Fathers considered this right so important that they enshrined it both in Article III of the Constitution and in the Sixth Amendment.   Article III, enacted in 1787, states,

> The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial

---

Amendment right to a jury trial.  *See, e.g.*, *United States v. Henderson*, 998 F.3d 1071, 1072 (9th Cir. 2021); *United States v. Gavilanes-Ocaranza*, 772 F.3d 624, 629 (9th Cir. 2014); *United States v. Santana*, 526 F.3d 1257, 1262 (9th Cir. 2008); *United States v. Huerta-Pimental*, 445 F.3d 1220, 1224–25 (9th Cir. 2006).

shall be at such Place or Places as the Congress may by Law have directed.

U.S. Const. art. III, § 2, cl. 3. As relevant here, the Sixth Amendment, which was enacted in 1791, states, in part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI.

Although there are textual differences between Article III's "all Crimes" and the Sixth Amendment's "all criminal prosecutions," Bowers' reading of this difference is not supported by the history of Article III or the Sixth Amendment. Article III's jury provision was enshrined in the Constitution to preserve the right to a jury trial that was recognized at common law. *See* Felix Frankfurter & Thomas G. Corcoran, *Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury*, 39 Harv. L. Rev. 917, 968–70 (1926). During the ratification period, Article III's jury provision was heavily scrutinized. *See Williams v. Florida*, 399 U.S. 78, 86–103 (1970) (summarizing the history of the common law understanding of the right to trial by jury and the criticism Article III, Section 2 received); *see also Callan v. Wilson*, 127 U.S. 540, 549–50 (1888). This scrutiny was the result of fears that the provision's general language failed to preserve certain incidents of the common law rights to a jury trial such as a "jury of the vicinage" or a right to a jury trial in civil cases. *Williams*, 399 U.S. at 92–94 & n.35 ("While Article III provided for venue, it did not impose the explicit juror-residence requirement associated with the concept of 'vicinage.'"); *see also Smith v. United States*, 599 U.S. 236, 248 (2023). It was also feared that the generality of Article III's language would allow for secret trials, for the

government's ability to postpone proceedings indefinitely, or for the use of testimonial hearsay in place of live testimony. *Carpenter*, 104 F.4th at 661 (quoting *Schick v. United States*, 195 U.S. 64, 78 (1904) and citing *Crawford v. Washington*, 541 U.S. 36, 42–47 (2004)).

These concerns "furnished part of the impetus for introducing amendments to the Constitution that ultimately resulted in the jury trial provisions of the Sixth and Seventh Amendments." *Williams*, 399 U.S. at 94; *see Schick*, 195 U.S. at 78 ("[I]n order to meet the objections of its opponents, and to remove all possible grounds of uneasiness on the subject, the 6th Amendment was adopted, in which the essential features of the trial required by § 2 of article 3 are set forth."). In other words, the Sixth Amendment was adopted to remedy attacks on Article III, and the Supreme Court has consistently construed the former as reflecting the meaning of the latter rather than supplanting it. *See Callan*, 127 U.S. at 549; *Patton v. United States*, 281 U.S. 276, 298 (1930), *abrogated on other grounds by Williams v. Florida*, 399 U.S. 78 (1970); *United States v. Wood*, 299 U.S. 123, 142–43 (1936); *Ex parte Quirin*, 317 U.S. 1, 39 (1942); *Peña-Rodriguez v. Colorado*, 580 U.S. 206, 210 (2017). For these reasons, Bowers' argument that Article III and the Sixth Amendment trial rights are "markedly different" is unsupported by history and precedent.

In *United States v. Carpenter*, the Seventh Circuit recently rejected a similar claim. After briefly addressing the history of Article III and the Sixth Amendment, the Seventh Circuit noted that "[h]istory and precedent make clear that the Sixth Amendment was meant to complement Article III, § 2, not to supersede or compete with it." 104 F.4th at 662. It, therefore, held that both provisions are identical in scope and that "a proceeding that does not trigger

the Sixth Amendment cannot independently trigger Article III, § 2." *Id.* For the reasons explained *supra*, we agree with this reasoning, and we now join the Seventh Circuit in holding that Article III's jury provision and the Sixth Amendment are equivalent in scope.

## IV. Conclusion

Current circuit precedent holds that supervisees do not have a right to a jury trial on supervised release proceedings under the Sixth Amendment and we are bound by this precedent. Since Article III's jury provision and the Sixth Amendment's are equivalent in scope, it follows that a right not triggered by the Sixth Amendment cannot be independently triggered by Article III. Accordingly, Bowers revocation of supervised release is **AFFIRMED**.