NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL MATTHEW KITTSON,

    Defendant - Appellant.

No. 23-4132

D.C. No.
3:21-cr-00075-IM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted June 12, 2025
Portland, Oregon

Before: SCHROEDER, OWENS, and VANDYKE, Circuit Judges.

Daniel Matthew Kittson appeals from his conviction for possessing or

transferring a machinegun in violation of 18 U.S.C. § 922(o). He raises jury

instruction and sentencing challenges.[1] As the parties are familiar with the facts,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Kittson also challenges his conviction under 18 U.S.C. § 922(o), arguing that (1) § 922(o)(2)(A) exempts his transfer of a machinegun to an undercover agent and (2) § 922(o) is unconstitutional. We address these arguments in a concurrently filed opinion, in which we affirm.

we do not recount them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      "A criminal defendant has a constitutional right to have the jury instructed according to his theory of the case, provided that the requested instruction is supported by law and has some foundation in the evidence."  *United States v. Anguiano-Morfin*, 713 F.3d 1208, 1209 (9th Cir. 2013) (citation omitted).  We review "whether an instruction is 'supported by law'" de novo and "whether it has 'some foundation in the evidence'" for abuse of discretion.  *Id.* (citation omitted).

In the concurrently filed opinion, we hold that the exception for transfers to the United States under § 922(o)(2)(A) does not exempt transfers to an undercover agent.  Here, Kittson does not point to any evidence in the record showing that he knew he was dealing with a government agent.  *See United States v. Heuer*, 916 F.2d 1457, 1460 (9th Cir. 1990) (noting a defendant "could not have believed he was receiving government authorization" from government agents when "he did not recognize that they were undercover agents").  Accordingly, the district court properly concluded that Kittson was not entitled to an affirmative defense instruction.  *See United States v. Gravenmeir*, 121 F.3d 526, 528 (9th Cir. 1997) (holding "[t]he exceptions contained in [§ 922(o)(2)] establish affirmative defenses

to the defined offense" (citation omitted)).[2]

2. "We also review de novo whether [a] jury instruction[] correctly state[s] the elements of a crime." *Anguiano-Morfin*, 713 F.3d at 1209. Assuming without deciding that giving the "functioning magazine" instruction was erroneous, any error was "harmless beyond a reasonable doubt." *United States v. Bachmeier*, 8 F.4th 1059, 1065 (9th Cir. 2021). Here, overwhelming evidence, including Kittson's own testimony, shows that the PPSh-41 in question is a machinegun as defined under 26 U.S.C. § 5845(b). The evidence shows that the PPSh-41 was "designed to shoot" automatically, and uncontested evidence shows that it could "be readily restored to shoot" automatically. § 5845(b); *see also United States v. Kuzma*, 967 F.3d 959, 967–71 (9th Cir. 2020). Thus, the jury's verdict "would have been the same absent" the purported jury instruction error. *United States v. Saini*, 23 F.4th 1155, 1164 (9th Cir. 2022) (citation omitted).

3. "We review de novo a claim that a sentence violates a defendant's constitutional right." *United States v. Bowers*, 130 F.4th 672, 673 (9th Cir. 2025). "To succeed on his due process claim, [Kittson] 'must establish the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the

---

[2] Consistent with the concurrently filed dissent, Judge VanDyke would not reach the question of whether Kittson was entitled to a jury instruction here, since he would vacate Kittson's sentence and remand with instructions to direct a verdict in favor of Kittson on the transfer element of § 922(o).

sentence.'" *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009) (citation omitted).  The trial judge's "passing reference" to her familiarity with change of plea proceedings and dockets does not demonstrate reliance on facts outside of the record, and Kittson does not otherwise show his due process rights were violated.  *United States v. Hill*, 915 F.3d 669, 674 (9th Cir. 2019).

**AFFIRMED.**