NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7811 |
| Plaintiff - Appellee, | D.C. No. 3:21-cr-00079-WHA |
| v. | |
| FELIPE VELEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted December 4, 2025
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Defendant-Appellant Felipe Velez appeals the district court's decision revoking his supervised release and the sentence imposed upon revocation. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"Whether the district court provided an adequate statement of reasons for the sentence it imposed is a question of law that we review de novo." *United States v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006) (cleaned up). But where, as here, "a defendant fails to object to the district court's failure to adequately state reasons . . . the sentence is reviewed for plain error." *Id.*

We normally review "a claim that a sentence violates a defendant's constitutional rights" de novo. *United States v. Henderson*, 998 F.3d 1071, 1073 (9th Cir. 2021). But because Velez failed to invoke either a Sixth Amendment right or an Article III right to a jury trial at his revocation proceeding, we review this claim for plain error. *See United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc).

"Whether a defendant has received due process at a [supervised release] revocation proceeding is a mixed question of law and fact" that we review de novo. *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). Because Velez did not raise his due process challenge to the modification of his supervised release below, this claim is subject to plain error review. *See United States v. Campbell*, 937 F.3d 1254, 1256 (9th Cir. 2019). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *Depue*, 912 F.3d at 1232.

1. The district court did not err by imposing a sentence above the policy statement range. Under 18 U.S.C. § 3583(e)(3), courts imposing a custodial sentence after revoking a term of supervised release should consider certain factors listed in 18 U.S.C. § 3553(a). The district court considered "the nature and

circumstances of the offense and the history and characteristics of the defendant" under § 3553(a)(1). It considered Velez's supervised release violations, the nature and extent of his past crimes, his recidivism, and the terrible treatment he endured from his mother as a child. The court discussed Velez's "violent streak" and history of violations while on supervised release when determining how to provide "adequate deterrence" and protect the public under § 3553(a)(2)(B)–(C). Under § 3553(a)(2)(D), the court also considered the poor treatment Velez suffered as a child and recommended to the Bureau of Prisons "that they give him a fresh start" by giving him the "kind of psychiatric help that he needs . . . [to] have a better chance to succeed." Nothing indicates that the district court erred by imposing an upward variance based on the § 3553(a) factors.

If the court imposes a revocation sentence "outside the policy statement range, 18 U.S.C. § 3553(c)(2) applies and requires the district court to state in open court the specific reason for the imposition of a sentence different from that described in the policy statement." *United States v. Musa*, 220 F.3d 1096, 1101 (9th Cir. 2000) (cleaned up). The district court need not, as Velez argues, explain why a high-end sentence within the policy statement range would be inappropriate. Here, the district court based the heightened sentence on its finding that Velez "is a threat to society." The district court's stated reason is "sufficiently specific to allow this court to conduct a meaningful review." *United States v. Montenegro-Rojo*, 908 F.2d 425,

428 (9th Cir. 1990). And the court need not explain why it did not impose an alternative sentence. *Id.* Therefore, the court did not err in imposing its sentence.

2. The district court did not err by revoking Velez's supervised release under 18 U.S.C. § 3583(e) without a jury trial. Our decisions in *United States v. Bowers*, 130 F.4th 672, 675 (9th Cir. 2025), and *United States v. Henderson*, 998 F.3d at 1072, foreclose Velez's argument that the Sixth Amendment and Article III of the Constitution guarantee him the right to a jury trial in supervised release revocation proceedings. Thus, the district court did not err by revoking Velez's supervised release without a jury trial.

3. The district court did not plainly err by modifying the conditions of Velez's supervised release without a hearing or the assistance of counsel. Velez signed a written waiver agreeing to the modification of his supervised release conditions and waiving any right to a hearing or to the assistance of counsel (including the right to have counsel appointed for him). To establish plain error, Velez would need to show, not only that it was plainly erroneous to accept his written waiver, but also that the lack of a hearing and counsel affected his substantial rights, *i.e.*, that it caused prejudice. *See United States v. Olano*, 507 U.S. 725, 734 (1993) (noting that, to establish that a plain error affected substantial rights, the defendant must show that the error was "prejudicial," meaning that it "must have affected the outcome of the district court proceedings"). Even assuming *arguendo* that the district court plainly

erred in accepting the written waiver without further inquiry, the error did not affect Velez's substantial rights. *See Depue*, 912 F.3d at 1234–35. As Velez's probation officer testified, had Velez not signed the waiver, the United States Probation Office (USPO) would have requested a hearing and for the court to approve the residential reentry center condition. Given the cogent written explanation for the condition that the USPO submitted to the court before the court imposed the condition, Velez has failed to show that the district court would have declined to impose the condition if a hearing with counsel had been held.

**AFFIRMED.**